# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: **G.D.**

**No. 15-0556** (Mingo County 14-JA-66)

**FILED**

November 23, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother B.W., by counsel Karen S. Hatfield, appeals the Circuit Court of Mingo County's May 14, 2015, order terminating her parental rights to G.D. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Jane Moran, filed a response on behalf of the child supporting the circuit court's order. On appeal, petitioner alleges that the circuit court erred in terminating her parental rights and in denying her post-termination visitation.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In August of 2014, the DHHR filed an abuse and neglect petition alleging that the West Virginia State police responded to a domestic violence disturbance at the home of G.D.'s parents.[2] The petition alleged that both petitioner and the father, B.D., were under the influence of some substance, that there was no running water in the home, that the toilets in the home were full of feces, and that the home was littered with clothes and trash. The petition alleged that the father was passed out on the floor, naked from the waist down, incoherent, and unable to be interviewed. The petition further alleged that petitioner and the father previously had their paternal rights to two children terminated in the State of Kentucky. The prior terminations were based upon conditions comparable to those alleged by the DHHR in the instant matter. On the same day, the DHHR filed a petition for emergency custody which was granted by the circuit court. The circuit court further scheduled a preliminary hearing and appointed counsel for petitioner. In August of 2014, the circuit court held a preliminary hearing. At the close of the

---

[1]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

[2]The father, B.D., died during the pendency of this matter.

1

hearing, the circuit court found probable cause that G.D. was in imminent danger and that G.D. was exposed to domestic violence and unsafe living conditions.

In September of 2014, the circuit court held an adjudicatory hearing. Ultimately, the circuit court found by clear and convincing evidence that petitioner both failed to protect and neglected G.D. The circuit court also found that petitioner engaged in at-risk behaviors that endangered G.D. and that G.D. remaining in the home was contrary to his best interests.

In December of 2014, the circuit court granted petitioner's motion for a post-adjudicatory improvement period and granted petitioner a four-hour monthly supervised visit with G.D. The circuit court also required petitioner to submit to random drug screens. The circuit court set that matter for disposition.

In April of 2015, the circuit court held a dispositional hearing and found that petitioner was unwilling or unable to correct the conditions of abuse and neglect that necessitated G.D.'s removal from her home. Based on the evidence presented, the circuit court found that petitioner had a long history of drug use, and that there were several unexplained discrepancies in petitioner's random drug screen results. The circuit court also noted that petitioner's prior terminations of parental rights occurred under similar circumstances. The circuit court terminated petitioner's parental rights by order entered May 14, 2015. The circuit court denied petitioner's motion for post-termination visitation by the same order. Petitioner now appeals from the dispositional order.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court's termination of petitioner's parental rights. While, petitioner argues that she complied with the terms of her improvement period, we find that the circuit court properly terminated petitioner's parental rights upon a finding that she could not substantially correct the conditions of abuse and neglect.

The circuit court found that, prior to these proceedings, petitioner exposed G.D. to domestic violence, drug use, and unsanitary living conditions. Pursuant to West Virginia Code § 49-6-5(b), there is "no reasonable likelihood that conditions of neglect and abuse can be corrected" when "based upon the evidence before the court, the abusing adult . . . [has] demonstrated an inadequate capacity to solve the problems of abuse and neglect on their own or with help." Further, where a parent has "habitually abused or are addicted to alcohol, controlled substances or drugs to the extent that proper parenting skills have been seriously impaired . . . and [has] not responded to or followed through the recommended and appropriate treatment which could have improved the capacity for adequate parental functioning . . ." then there is no reasonable likelihood that the conditions underlying the abuse can be substantially corrected in the near future. W.Va. Code § 49-6-5(b)(1). The evidence in the record on appeal established that there were numerous, unexplained discrepancies in petitioner's drug screen results. The DHHR worker testified that petitioner received prescriptions for codeine cough syrup, Xanax, and an opiate. The DHHR worker further testified that when petitioner was drug screened, the results revealed a positive result for benzodiazepines, but not for the codeine or opiates she was prescribed. Petitioner offered no explanation as to her abnormal drug screen results. As such, the circuit court correctly found that petitioner was unwilling or unable to correct the conditions of abuse and neglect and also it found that there was no reasonable likelihood that petitioner could substantially correct the conditions in the near future. The circuit court also noted that petitioner's prior terminations in the State of Kentucky were also based upon her drug abuse. The circuit court found that petitioner's continued drug abuse problems led to the abuse and neglect of G.D. The circuit court based its finding upon the evidence of petitioner's long history of drug use and drug screen results.

We have held that "in some instances, the only remedy is termination of parental rights when there is no reasonable likelihood that the parenting deficiencies or abuse can be substantially corrected." *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). There is no evidence on the record that petitioner is capable of remedying the conditions of abuse and neglect substantially or in the near future. "When it is determined that the conditions that gave rise to the removal of the child from the home cannot be remedied, W. Va. Code § 49-6-5(a)(6) (2009) states that termination of the parental, custodial and guardianship rights of the abusing parent is the remedy." *Id*. at 569, 712 S.E. 20 at 67. Therefore, we find that the circuit court properly terminated petitioner's parental rights upon a finding that she could not substantially correct the conditions of abuse and neglect.

Finally, this Court finds no error in the circuit court's grant of petitioner's post-termination visitation between petitioner and the child until the child is adopted. We have held that

> "[w]hen parental rights are terminated due to neglect or abuse, the circuit court may nevertheless in appropriate cases consider whether continued visitation or other contact with the abusing parent is in the best interest of the child. Among other things, the circuit court should consider whether a close emotional bond has been established between parent and child and the child's wishes, if he or she is of appropriate maturity to make such request. The evidence must indicate that such visitation or continued contact would not be detrimental to the child's well being

3

and would be in the child's best interest." Syl. Pt. 5, *In re Christina L.,* 194 W.Va. 446, 460 S.E.2d 692 (1995).

Syl. Pt. 11, *In re Daniel D.,* 211 W.Va. 79, 562 S.E.2d 147 (2002).[3] In the instant case, petitioner argues that the record on appeal demonstrates that she has a strong bond with G.D. The circuit court agreed with petitioner that the child's best interests were served by granting post-termination visitation with petitioner, despite petitioner making little improvement. At the close of the dispositional hearing, the circuit court noted that petitioner and G.D. had a strong bond and granted petitioner visitation for four hours every three months until a final adoption, making a transition easier for G.D. based upon the bond with petitioner. Following a thorough review of the record on appeal, we find no error in the circuit court's conclusion.

For the foregoing reasons, we find no error in the decision of the circuit court and its May 14, 2015, order is hereby affirmed.

Affirmed.

**ISSUED**: November 23, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[3]We have also held that the word "may" is permissive and connotes discretion. *See Gebr. Eickhoff Maschinenfabrik Und Eisengieberei mbH v. Starcher,* 174 W.Va. 618, 626 n. 12, 328 S.E.2d 492, 500 n. 12 (1985) (providing that "[a]n elementary principle of statutory construction is that the word 'may' is inherently permissive in nature and connotes discretion.") (citations omitted).